ANTONIO DE MARIA, DEFENDANT IN ERROR, v. OTTO CRAMER, PLAINTIFF IN ERROR.

Argued March 3, 1904—Decided June 20, 1904.

At the trial of an action for personal injuries at which the plaintiff adduces testimony and rests his case and the defendant calls no witnesses, it is, under rule 47 of the Supreme Court, the right of plaintiff's counsel to sum up the evidence to the jury.

---

On error to the Supreme Court. This case was tried at the Hudson Circuit, before Justice Dixon and a jury, and a verdict rendered for plaintiff for $3,000.

For the plaintiff in error, *Gilbert Collins*.

For the defendant in error, *Louis H. Schenck*.

The opinion of the court was delivered by

GARRISON, J. This is an action for damages for personal injuries. At the trial the plaintiff examined witnesses and rested. The defendant called no witnesses. Plaintiff's counsel was thereupon permitted, over objection, to sum up the evidence to the jury. This ruling, to which an exception was sealed, has been assigned as error. The ruling was correct. The matter is regulated by rule 47 of the Supreme Court, the pertinent language of which is: "In summing up evidence in matters of fact, the counsel for the plaintiff shall be first heard." As originally promulgated at the Feb-

ruary Term, 1818, it was expressly provided that "this rule shall prevail at the Circuits as well as at the bar." 1 *South.* 12. The practice thus ordained has prevailed at the Circuits for almost a century.

The refusal of the trial court to nonsuit the plaintiff upon the ground of his contributory negligence is also assigned as error. This ruling, likewise, was correct.

The action was by one railroad employe against a fellow employe. The plaintiff's duty called him to work beneath a locomotive as it stood over an ashpit. While in that position the defendant ran his locomotive against the plaintiff's, driving it over the plaintiff's arm. The proof was that it was customary to block all locomotives that came on the ashpit, and that this was done, not by the man who worked under the engine, but by pitmen; and that upon the occasion in question the engine under which the plaintiff was working was being blocked on one side by one of these pitmen. This was the testimony of the defendant himself. In view of this testimony, the question whether the plaintiff was in default was not for the court.

The defendant also requested the court to charge that if the plaintiff went under the engine without having the wheels blocked he would be guilty of contributory negligence, even though it was not his duty to block them. This was, in effect, a repetition of the grounds of motion to nonsuit, and was properly denied.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—None.